*In re* SLOMAN'S ESTATE.

EXECUTORS AND ADMINISTRATORS—REMOVAL—EQUITY—PARTIES.
     Where petitioners, legatees under the will of a decedent,
          were entitled to file a bill in their own right for an
          accounting against the surviving members of a firm in
          which decedent had been a partner, who were joined as
          executors in testator's will, it was unnecessary to enter
          an order removing the executors and granting the right
          to sue in the name of the executor in securing an ac-
          counting; the court of equity never undertaking to per-
          form an unnecessary act, the court on appeal will vacate
          an order of the circuit court removing the executors and
          authorizing complainants to sue in the name of the estate
          in instituting proceedings.

Appeal from Wayne; Collingwood, J., presiding.
Submitted April 12, 1915. (Docket No. 36.) De-
cided June 7, 1915.

Petition by Cora F. Sloman and others for an order
of the probate court for the county of Wayne to per-
mit petitioners to start a suit for accounting in the
name of the executor of the estate of Mark Sloman,
deceased, and for the appointment of an administra-
tor for the purpose of defense. From an order grant-
ing the prayer of the petition, defendant estate ap-
pealed to the circuit court. The order was affirmed.
Defendants appeal. Reversed.

*James O. Murfin* and *Sloman & Sloman,* for ap-
pellants.

*Robert E. Barber,* for appellee Eugene H. Sloman.

*Henry B. Graves,* for appellee Samuel A. Sloman.

KUHN, J. This is an appeal from an order made
by the circuit judge granting leave to use the name

of Adolph Sloman, an executor of the estate of Mark Sloman, deceased, for the purpose of prosecuting chancery proceedings for an accounting against the surviving members of the firm of M. Sloman & Co., to ascertain the interest of the estate of Mark Sloman therein.

This cause was tried in the circuit court, together with the case of the appeal of Samuel A. Sloman and Adolph Sloman from an order removing the executors. Separate appeals in each case were taken to this court, and a statement of the facts giving rise to these appeals is found in the opinion of this court, written by Mr. Justice STONE, in the removal proceeding, and handed down herewith. *Ante*, 434 (152 N. W. 957).

As we concluded in that case that the appellees have a standing in equity, possessing such an interest in the estate as will entitle them to file a bill in their own behalf against the surviving members of the firm, the executors, and such legatees as refused to join them as complainants, and being also of the opinion that the court should not do an unnecessary thing, the order removing the executors was reversed. In view of this conclusion, it follows that for the same reasons the order here involved should be reversed, with costs, and the petition dismissed.

BROOKE, C. J., and McALVAY, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.